Davis, J.
Section 550, Revised Statutes, was amended into its present form in 1889 and again in 1906. 86 O. L., 363, and 98 O. L., 59. Prior *356 to the amendment of 1889 the section 'related merely to change of venue. Since that time it has provided for a change of judges in the same venue. As the statute now reads, upon the filing of an affidavit “setting- forth the fact” of interest, bias, prejudice or disqualification of a judge of the common pleas court in which a cause is pending, it shall be the duty of the clerk of the court to enter the fact of the filing of such affidavit upon the trial docket in such cause and forthwith notify the supervising judge of that subdivision or district.
Such filing of an affidavit and such action by the clerk, however, is only authorized when the judge is interested in the cause, or is related to a party thereto, or has a bias or prejudice for or against Tiny party to such cause or his counsel, or is otherzvise disqualified. Who shall determine whether the prerequisite fact exists? Not the clerk surely, because his sole duty is defined. He shall enter the fact of the filing of the affidavit on the trial docket and notify the supervising judge and with that his duty ends.
But the statute requires the supervising judge to “proceed in the same manner as provided in section four hundred and sixty-nine to designate and assign some other judge,” etc. Section four hundred and sixty-nine provides that when the supervising judge receives “satisfactory information” that by reason of illness or “other disability” a common pleas judge is unable to perform his duty, he shall assign another judge for that duty. Now taking these two sections together, it is clear that two things must concur before the supervising judge is authorized to appoint another judge: *357 first, the actual fact of interest, relationship, bias or prejudice, or other disqualification ■ must exist and, second, he must have satisfactory information of .that fact. That is, the information which authorizes the supervising judge to designate another judge, must be of such a nature as to satisfy him that the disqualification really exists and is not a subterfuge. The affidavit is, at best, no more than prima facie evidence of the fact. The supervising judge may accept it and act upon it if he chooses to do so; but if, for any reason, he feels that further evidence of the disqualification is desirable, it is not only his privilege but his duty to require it. He is therefore invested with a judicial discretion which cannot be controlled by a writ of mandamus.
We adopt this construction of the statute the more readily, because, if the affidavit be taken as final and conclusive, it would raise a more serious question as to whether the legislature has overstepped constitutional limits, and it cannot be lightly assumed that it intended to do so.
• The judgment of the circuit court is

Reversed.

Summers, C. J., Crew, Spear, Shauck and Price, JJ., concur.